ELLIS, Judge.
This suit was instituted by Walter L. Young, individually and as the administrator of the estate of his minor son, Walter Russell Young, to recover medical expenses, property damages and damages for the personal injury of Walter Russell Young. The lower court denied recovery, concluding that Walter Russell Young was contributorily negligent in his operation of the family automobile. This appeal followed.
*363 The automobile accident giving rise to this litigation occurred December 11, 1961, at the intersection of Jefferson and Sixteenth Avenues -in Covington. At the time of the mishap, about 6:30 P.M., the sun had set and a light drizzle was falling on the black asphalt streets.
Lionel C. Mathies was proceeding alone along Jefferson Avenue in a southerly direction at approximately 25 miles per hour, operating his own automobile.
Walter Russell Young was proceeding along Sixteenth Avenue in an easterly direction at approximately 10-15 miles per hour, operating the family automobile. He was in the company of four other young boys.
The two avenues cross at right angles, forming an uncontrolled intersection, and are approximately equal in width. However, the cleared right of way along Sixteenth Avenue is considerably narrower than the cleared right of way along Jefferson Avenue, the former having a width of 50 feet. The northwest corner of the intersection displays an unimproved and considerably overgrown lot.
The distance from the north edge of Sixteenth Avenue to the long hanging branches of a live oak tree situated north of Sixteenth Avenue in the west right of way of Jefferson Avenue is 150 feet. There are no other obstructions.
The impact occurred near the center of the intersection, the front of the defendant’s vehicle striking the center left side of the plaintiff’s vehicle.
While it is clear that the overgrown lot and live oak do obstruct a driver’s line of vision, it is equally clear, the speeds of the two vehicles and the distances considered, that there was ample time for either driver to have stopped and thus avoided the accident. Especially is this true when it is recognized that the glare of the headlights of an approaching automobile precede the vehicle by some distance and, therefore, a night driver is made aware of the presence of another vehicle even before it comes within the actual line of his vision. The defendant testified that he did observe this headlight glare from the Young vehicle but erroneously calculated that he had sufficient time to negotiate the intersection. Walter Russell Young testified he saw only blackness when he looked to the left because he looked first to his left at a time and distance in which his view was obstructed by the shrubbery beginning 50 feet from Jefferson Avenue and running west on Sixteenth Avenue. At the time he looked left he testified that he changed gears and reduced his speed to 10 miles per hour. He never observed the defendant’s car until he was struck although he had a 50 foot width with an unobstructed view and he could and should have seen the vehicle and at a speed of 10 miles per hour he could easily have brought his vehicle to a stop and avoided the collision.
In the instant case, because of the poor driving conditions, we can attach only minimal importance to the fact that the headlight glare should have been visible to both drivers before the two vehicles emerged into a line of vision. Nevertheless, either car had ample time and distance in which it could have come to a complete stop before entering the intersection. It is obvious that from the time the Young automobile cleared the overgrown lot and the Mathies automobile passed the live oak, each car and its headlights were in full view of the other and that while in full view they covered substantial distances ’at moderate speeds.
The statutory -law of this State clearly accords the driver approaching from the right a right of way over one approaching *364 from the left at the uncontrolled intersection of two streets of equal dignity. LSA-R.S. 32:121.
Mathies failed to yield the right of way and must be found to have been negligent.
The real issues in this case, however, are whether or not Young was contributorily negligent in not perceiving that Mathies was not going to yield and whether or not Young could have then acted successfully to avoid the accident.
The case of Smith v. Borchers, 243 La. 746, 146 So.2d 793, relied on by the lower court, is applicable here. In that case, the plaintiff was found contributorily negligent in not observing an automobile approaching from her left where the facts of the case indicated that had she seen the danger she could have avoided the accident.
Two cases relied upon by plaintiff in the instant litigation are inapplicable, as is clear from the following passages quoted from them:
“It is true that he did not see the Guidry car; he should have seen it because, according to the physical and evidentiary facts of record, it was within his vision. However, there is no showing that Theunissen could have avoided and prevented the accident had he seen the Guidry car in the position it was and under the conditions it was being driven as stated in Guidry’s deposition * * Theunissen v. Guidry, 244 La. 631, 153 So.2d 869, 874.
“At the time that the plaintiff discovered the peril or should have discovered the peril because of the negligence of the driver of the highway track the accident was unavoidable, insofar as he was concerned.” Travelers Insurance Co. v. Great American Indemnity Company, La.App., 113 So.2d 815, 819.
Thus, in the Smith case, supra, as here, the contributory negligence of the plaintiff was a proximate cause of the accident. Having no opportunity to have avoided the accident even if they had seen the approaching vehicles, the drivers in the Theunissen and Travelers cases did not contribute to the accident by their negligence.
There can be no doubt but that Young was negligent in failing to observe the Mathies vehicle. Under our law, he is presumed to have seen what he should have seen. Having thus, at law, observed the approach of the Mathies car, plaintiff should also have observed that defendant did not intend to yield the statutory right of way. There is no evidence that the defendant slowed down or gave any other sign that he was going to do so. It was, to the contrary, apparent that the defendant was attempting to clear the intersection ahead of the Young car. Defendant testified that this was his intent and if he reasonably believed that he had time so to do, there was certainly reason for Young to believe that the right of way was not going to be yielded.
Justice McCaleb has carefully pointed out in a concurring opinion in the Smith case, supra, at page 798 of 146 So.2d, that:
“The degree of care required of a driver approaching an intersection from the right when the streets are of equal dignity, is much greater than that imposed on a driver approaching an intersection on a favored or right-of-way street, or on a favorable traffic semaphore. In the latter instances, he need exercise only slight care as he is entitled to assume that cross traffic will comply with the law and yield the right-of-way. But, when the intersecting streets are of equal dignity, a motorist has the duty of ascertaining, before he can claim the right to proceed accorded by R.S. 32:237 (sic) *365 (32:121), whether he has arrived or entered the intersection at about the same time as the vehicle, as cross traffic reaching the intersection first (provided it did not get there as a result of excessive speed) has the right to enter, preempt and complete the crossing notwithstanding the fact that there are other vehicles within the vicinity of the intersection approaching it from the right. The privilege accorded by R.S. 32:237 (sic) (32:121) is a conditional one, a right entirely dependent upon the location of other traffic approaching the intersection.”
Accordingly, we find that the lower court was correct and that Walter Russell Young was contributorily negligent in failing to see the Mathies vehicle approaching and in failing to recognize that the right of way would not be yielded. These acts of contributory negligence were a proximate cause of the accident for the reason that Young could have taken corrective measures to avoid the accident had he become aware of the peril when he should have.
The decision of the trial court is affirmed.
Affirmed.