365 So.2d 53 (1978)
Paul DUPLECHIN, Plaintiff and Appellant,
v.
JOHN DOE, RIMMER & GARRETT, INC., et al., Defendants and Appellees.
No. 6695.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Gerald J. Block, Lafayette, for plaintiff-appellant.
*54 Robert J. Larue, Jr., New Orleans, for intervenor-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr. and Chris G. Robbins, Lafayette, for defendants-appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff, Paul Duplechin, was standing beside the highway when a passing truck struck a large metal hinge lying on the road, causing the hinge to fly through the air and hit plaintiff's wrist. Named as defendants are (1) John Doe, the unknown driver of the truck, (2) Rimmer and Garrett, Inc., owner of the truck, and (3) Liberty Mutual Insurance Company, Inc., insurer of the truck. The action was tried by a judge alone. When the plaintiff had completed the liability portion of his evidence but had not yet presented the testimony dealing with quantum, the defendants moved for a directed verdict. The trial judge sustained the motion and dismissed plaintiff's case. From this judgment, the plaintiff appealed.
The decisive issue is whether a directed verdict may be granted over plaintiff's objection before he rests his case. Here, plaintiff had completed only that portion of his evidence dealing with the issue of liability. He had not presented his evidence on damages. And, he objected to the motion for a directed verdict on the ground that he had not rested his case.
The trial judge notes in the record that he ordered the plaintiff to proceed first with the liability portion of his evidence. At one point, after most of plaintiff's witnesses to the liability of the defendant had testified, the judge asked plaintiff if he had rested. The plaintiff stated that he had not yet presented the testimony of two witnesses whose evidence would only tangentially affect the issue of liability, and he had not yet presented his evidence as to quantum. Over plaintiff's protest, he was deemed to have rested his case, and the court allowed and granted the motion for a directed verdict.
We find this practice unauthorized by our Code of Civil Procedure. LSA-C.C.P. Article 1810 provides:
"A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. Added by Acts 1977, No. 699, Sec. 1." (Emphasis added)
Under the quoted article, it is clear the motion for directed verdict may be granted only after the close of the nonmover's evidence. In the instant case, the plaintiff had simply not yet finished the presentation of his evidence and should have been allowed to do so.
It is unnecessary for us to consider plaintiff's additional argument that under LSA-C.C.P. Article 1810, as stated in Act No. 699 of 1977, which was in effect at the time this case was tried on January 19, 1978, a motion for a directed verdict could not be granted except in a jury trial. However, we note that Article 1810 was amended by Act 156 of 1978 to expressly provide for directed verdicts in cases tried without a jury.
For the foregoing reasons, the judgment appealed is reversed and set aside. Defendants' motion for a directed verdict is denied. The case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees.
REVERSED AND REMANDED.