390 So.2d 870 (1980)
Robert M. BREITHAUPT, Jr.
v.
Luke SELLERS.
No. 67332.
Supreme Court of Louisiana.
November 10, 1980.
*871 William Henry Sanders, Jena, Martzell, Montero & Lamothe, New Orleans, Wilson Montero, for plaintiff-applicant.
Gold, Little, Simon, Weems & Bruser, Charles S. Weems, III, Herbert J. Mang, Jr., Alexandria, for defendant-respondent.
DIXON, Chief Justice.
Robert Breithaupt, Jr. was the victim of a hunting accident. Breithaupt, who had himself been hunting deer, was shot in the left thigh by another hunter. He contends that Luke Sellers is the man who shot him, and has instituted this tort action against Sellers. After the close of the plaintiff's case, the trial judge directed a verdict for the defendant, ruling as a matter of law that plaintiff's contributory negligence barred his recovery.[1] The Court of Appeal affirmed. 380 So.2d 1257 (La.App.3d Cir. 1980). Both the trial court and the Court of Appeal reasoned that, inasmuch as R.S. 56:143 requires hunters to wear fluorescent material known as "Hunter orange,"[2] a victim of a hunting accident is barred from recovering for his injuries if he was a hunter who was not wearing "Hunter orange." Because we disagree with this reasoning, we reverse.
*872 The motion for directed verdict, a new device in Louisiana, was first made available in civil jury trials in 1977. C.C.P. 1810, added by 1977 La. Acts, No. 699. Although it created the device, the legislature did not provide the standard of proof by which the judge must decide whether or not to grant the motion, and the judges of this state have undertaken the task of formulating the appropriate standard. See Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir. 1979), cert. denied, 380 So.2d 72 (La.1980); Campbell v. Mouton, 373 So.2d 237 (La. App.3d Cir. 1979); Dupree v. Pechinay Saint Gobain Co., 369 So.2d 1075 (La.App. 1st Cir. 1979), cert. denied, 371 So.2d 1341 (La.1979); Roncal v. Commercial Union Assurance Co., 367 So.2d 24 (La.App.2d Cir. 1978); Duplechin v. John Doe, Rimmer & Garrett, Inc., 365 So.2d 53 (La.App.3d Cir. 1978).
In the instant case, the Court of Appeal adopted the following test:
"... could reasonable persons, viewing all the evidence in a light most favorable to plaintiff, have reached different conclusions as to whether plaintiff was contributorily negligent." 380 So.2d at 1259. (Footnote omitted).
Utilizing the standard adopted by the Court of Appeal, and viewing the evidence in the light most favorable to the plaintiff, the accident occurred in the following manner:
On the afternoon of November 30, 1977, plaintiff went deer hunting at the South Olla Oil Field near Jena. The land, although privately owned, was not posted. Thus, plaintiff violated R.S. 56:143 when he did not wear "Hunter orange." After sitting at his stand for approximately one hour, he spotted another hunter from a distance later determined to be 833 feet. The man momentarily disappeared into the woods. When the man reappeared, the plaintiff stood up, waved his rifle over his head, and, believing the man had seen him, began walking toward the figure. After another brief disappearance, the man dropped to one knee, aimed at the plaintiff, and fired. At some point prior to the accident, the plaintiff says he looked at the man through the scope of his own rifle, and saw a man with a narrow lined face, light grey hair, wearing camouflage coveralls and a "Hunter orange" vest. Additionally, Breithaupt noticed that the weapon was a bolt action rifle with a scope and a sling. Breithaupt later identified Sellers as the man he had seen.
On the face of the record, a major obstacle to the plaintiff's credibility is the fact that, until this trial, he apparently never told anyone that he had "scoped" the hunter who shot him.[3] Furthermore, plaintiff at trial "forgot" his prior testimony that he had initially accused his friend Grayson Walpole of having shot him.[4] Nonetheless, it is not the function of this court to judge the credibility of the plaintiff's story. Credibility determinations are within the province of the trier of fact. We accept the facts in a light most favorable to plaintiff in order to assess the propriety of the trial judge's ruling granting the motion for directed verdict. When the evidence is viewed in this manner, this court cannot accept the Court of Appeal's conclusion that plaintiff was contributorily negligent as a matter of law.
Even assuming that Breithaupt was negligent in failing to wear "Hunter orange,"[5] plaintiff's conduct could not constitute *873 contributory negligence unless such negligence also was a legal cause of his accident. Weber v. Phoenix Assurance Co. of New York, 273 So.2d 30 (La.1973). The threshold inquiry in the determination of legal cause is whether the act was a substantial factor in causing the injury. As stated by this court in Dixie Drive It Yourself System New Orleans co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962):
"Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Under the circumstances of this case, the negligent conduct is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it. A cause-in-fact is a necessary antecedent. If the collision would have occurred irrespective of the negligence of the driver of the R C Cola Truck, then his negligence was not a substantial factor or cause-in-fact...." 242 La. at 482, 137 So.2d at 302. (Footnotes omitted).
In determining Breithaupt's conduct to be a cause-in-fact of his injury, the Court of Appeal reasoned:
"We do not believe we are assuming too much in believing plaintiff would not have been shot had he been properly attired. The evidence clearly established conditions of visibility such that, had plaintiff been attired with `hunter's orange', any hunter would have noted this fact. We feel that we can assume that reasonable persons would have responded properly by concluding that plaintiff was a human being and not a game animal-a deer. Such a reasonable person would not have fired at plaintiff. The assumption that whoever shot plaintiff was a reasonable person is warranted because we are dealing with the question of plaintiff's negligence. If plaintiff had been clothed in `hunter's orange' but had nevertheless been shot, the inquiry then would be whether the shooter acted unreasonably, and contributory negligence on plaintiff's part would not have been a factor." 380 So.2d at 1260.
We disagree with this reasoning. As we stated in Dixie Drive It Yourself System, the inquiry is whether the accident would have occurred regardless of whether Breithaupt wore "Hunter orange." If Breithaupt's story is believed, then the jury might be willing to infer that, since plaintiff could discern the hunter's facial features, the hunter should have been able to detect that plaintiff was a man and not a deer. The jury might have been willing to believe that the hunter fired without adequately looking at his target and that the accident would have happened regardless of whether Breithaupt wore "Hunter orange." Whether plaintiff's conduct was a cause-in-fact of his injury is a question of fact appropriate for the jury's consideration. The Court of Appeal, in assessing the causative role of plaintiff's negligence, assumed that the other hunter acted reasonably. In so doing, the Court of Appeal has assumed the most difficult factual issue presented by this case. If one assumes that the hunter acted reasonably, then one is led to the inescapable conclusion that the only cause of the injury was plaintiff's own negligence.
If the other hunter, through the use of reasonable care, could have detected that plaintiff was a man and not a deer, then he had a duty to refrain from shooting regardless of whether his victim was an innocent picnicker or a fellow hunter who has violated R.S. 56:143. We note that this statute is *874 of limited utility, since it does not apply if an individual is not hunting deer, or if he is hunting on private, posted land. Had the statute been inapplicable, then under the reasoning of the Court of Appeal, the plaintiff could have recovered. This would mean that hunters who shoot men in the woods are free from liability only when they shoot fellow hunters who violate R.S. 56:143. Hunters who violate R.S. 56:143 do not, for that reason alone, deserve to be shot.
A motion for directed verdict would have been appropriate only if reasonable men could not have disagreed on the issue of plaintiff's contributory negligence. Whether this plaintiff's conduct contributed to his injury is a factual issue that should have been presented to the jury. For the foregoing reasons, a directed verdict was inappropriate in this case.
The judgment of the Court of Appeal is reversed, and the case is remanded to the trial court for a new trial. Allocation of costs is to await final judgment.
NOTES
[1] The presentation of plaintiff's case in chief lasted five days and consisted of seventeen witnesses and a jury view of the scene. At the close of plaintiff's case, the defense moved for a directed verdict on the theory that plaintiff was contributorily negligent as a matter of law because of his failure to wear "Hunter orange." Prior to oral argument, the trial judge was unreceptive to the motion, because he believed that "... the real issue is not, whether failure to wear hunter's orange is negligence or not. It's a question of whether or not that caused the accident." Defense counsel then argued that under Tolbert v. Ryder, 345 So.2d 548 (La.App.3d Cir. 1977), violation of a statute creates a presumption of negligence, and the burden of proof shifts to that party to exculpate himself. Defense counsel pointed out that in the instant case, plaintiff had not carried his burden because he had shown neither that "Hunter orange" was unavailable to him, nor that the accident would have occurred anyway. Plaintiff's attorney responded:

"That's right Your Honor, there was no testimony on that point. I will agree with him that the testimony on that part of it, uh, just wasn't there. And, I'm not joining in this motion, but that testimony was awful, awful weak, I remember that, it wasn't in there."
After hearing additional argument, the trial judge granted the motion, announcing to the jury that "[t]his Court will not be placed in a position of being the only lawyer in the courtroom who disagrees with [defense counsel's] arguments." The trial judge's initial reaction was correct.
[2] R.S. 56:143 entitled "`Hunter orange' display by deer hunters with guns," is a criminal statute found in title 56, "Wild Life, Fisheries, and Forestry." It provides:

"Any person hunting deer shall display on his head or chest, and/or back a total of not less than four hundred square inches of material of daylight fluorescent orange color known as `Hunter orange'. These provisions shall not apply to persons hunting deer on property which is privately owned and legally posted, or to archery deer hunters except when bow and arrow are used to hunt deer on wildlife management areas where a gun season for deer is in progress.
Whoever violates the provision of this section shall be fined not more than $100 or imprisoned for not more than ninety days, or both."
[3] Prior to this tort action, there had been an unsuccessful criminal prosecution against Sellers. The record is unclear regarding the specific criminal statute alleged to have been violated by Sellers. Breithaupt testified at the criminal trial that he "could make out his features." He did not, however, indicate that the basis of his identification was anything other than what he had seen with his unaided eyes.
[4] Grayson Walpole, a friend of plaintiff, was the first person who came to Breithaupt's rescue. At the criminal trial Breithaupt testified that the first thing he told Walpole was: "Damn, Walpole, I think you shot me." During cross-examination in the tort action, he testified that he did not remember making such a statement.
[5] In order to bar a plaintiff's recovery because of his contributory negligence, a court must find both that the plaintiff was negligent and that the negligence was a legal cause of his injury. The plaintiff's attorney in brief has argued that plaintiff was not negligent in failing to wear "Hunter orange" since he had terminated his hunting activities and thus no longer required to wear "Hunter orange." Alternatively, the plaintiff's attorney argued that the accident occurred after legal hunting hours so the statute was inapplicable. As a final argument, the plaintiff's counsel argued that R.S. 56:143 is not an appropriate standard of care in a civil case inasmuch as it is not designed to promote safety but is designed to enable game wardens to spot hunters. Because this court has found that a factual issue exists regarding whether plaintiff's conduct was a legal cause of his injury, we pretermit the issue of whether plaintiff's conduct was negligent. We assume for purposes of this opinion that plaintiff was negligent in failing to wear "Hunter orange."