CHIASSON, Judge.
Plaintiff-appellant, Thomas E. Hysmith, appeals the trial court’s granting of a directed verdict in favor of the defendant-ap-pellee, C. T. Coleson. Plaintiff had filed suit to set aside a transfer of property based on simulation, disguised donation or, alternatively, lesion beyond moiety.
After plaintiff indicated he had no other witness to call, defendant moved for a directed verdict in his favor dismissing plaintiff’s suit. The trial court granted the motion. We reverse.
Louisiana’s Code of Civil Procedure Article 1810(B) is the applicable statute on directed verdicts and reads as follows:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render *394 judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
Even though plaintiff rested his case, there was a joint stipulation entered into by the attorneys for both parties at the start of plaintiff’s evidence that they were to take the deposition of a bank employee, who had control of the bank records of plaintiff’s deceased grandmother. The deposition was to be completed and filed sixty days from date of the trial and was to be part of plaintiff’s case on direct.
Under these facts, we hold the trial court erred in granting the directed verdict since the plaintiff had not “completed the presentation of his evidence” at the time the directed verdict was granted. See Duplechin v. John Doe, Rimmer & Garrett, Inc., 365 So.2d 53 (La.App. 3rd Cir. 1978).
For the foregoing reasons, the judgment of the trial court granting defendant’s motion for a directed verdict is reversed and this case is remanded for further proceedings. Defendant is to pay for the cost of this appeal; all other costs are to await the final disposition of this matter.
REVERSED AND REMANDED.