432 So.2d 867 (1983)
Betty Gros GAUDET, Individually and as Natural Tutrix of her Minor Children, etc.
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, et al.
No. 82 CA 0085.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
On Rehearing April 13, 1983.
Christopher Siegrist, Houma, for plaintiff and appellant Betty Gros Gaudet.
Carlos E. Lazarus Jr., Houma, for defendant and appellant Patterson-Edmonson Const. Co.
Joseph Abrams, New Orleans, Counsel for plaintiff and appellant Ruby Woolens.
Frederick R. Campbell, Atty. at Law, New Orleans, for defendant and appellee Greyhound Bus Lines, Inc.
Ronald R. Thompson, Baton Rouge, for defendant and appellee Louisiana Dept. of Transp.
Huntington B. Downer, Houma, for defendant and appellee City of Houma, and Houma Police Dept.
Robert Morvant, Thibodaux, for defendant and appellee U.S. Fidelity & Guaranty Co.
Mack E. Barham & Lizabeth Talbott, New Orleans, for plaintiffs-appellants.
Before COVINGTON, LEAR and LANIER, JJ.
*868 COVINGTON, Judge.
In this wrongful death action, Betty Gros Gaudet, individually and as tutrix of her minor children, filed suit against Louisiana Department of Highways, City of Houma, the Houma Police Department, and Greyhound Lines, Inc.[1] The case was tried on March 23, 1981. At the close of plaintiff's case, Greyhound moved for a directed verdict, which was granted. At the conclusion of the defense of the remaining defendants, judgment was rendered in favor of all defendants. Plaintiff has devolutively appealed.
Driving to work at about 5:30 a.m. on the morning of August 11, 1978, Gaudet collided with a Greyhound bus at the intersection of Lafayette and Honduras Streets in Houma, Terrebonne Parish, Louisiana, and was killed as a result of the collision. The traffic light at this intersection was non-operative at the time of this accident; it had been turned off by an unknown third party. Before the accident, the Houma Police Department responded to a call reporting the problem with the light, and discovered the power box was unlocked and the power switch was in the "off" position. They turned on the power to the light; however, at the time of the accident, the power had again been turned off.
Gaudet was traveling easterly on Honduras Street, a street that runs east-west, and was driving a truck provided for his use by his employer, Patterson and Edmonson Construction Company, Inc. A fellow employee was riding with him. The Greyhound bus, driven by Laverna (Myrna) T. Zulevich, was travelling southerly on Lafayette Street, a north-south roadway, and had several traffic lights along the route. Zulevich testified that she was travelling between 25 and 30 miles per hour and was two car lengths from the intersection when she noticed that the traffic light controlling this intersection was off; she removed her foot from the power throttle, but no attempt was made to apply the brakes. When the bus was approximately three and one-half feet from the intersection, she saw a pickup truck coming toward the intersection, appearing from around the building located at the corner of this intersection and she tried to avoid the accident by swerving left. Despite her efforts, the bus and truck collided, the point of impact being the driver's door of the pickup. The truck skidded through the intersection and slammed into the Green Door Lounge, a nearby bar. Police and ambulance arrived at the scene and Gaudet was taken to the hospital, where he died a short time later. No one else was seriously injured, although there was substantial property damage to both vehicles and the bar.
The trial court, for oral reasons dictated into the record, dismissed plaintiff's suit against the defendants. The judge found that Lafayette Street, as a north-south street, was the preferred street, thus Gaudet was negligent in his failure to yield the right-of-way to the bus. A directed verdict was granted in favor of Greyhound. This decision was based on Houma Ordinance Section 22-24 which provides that:
Except as otherwise designated in accordance with subsection (b) hereof, all streets running in a northerly and southerly direction are hereby declared to be right-of-way or through streets.
Subsection (b) of this ordinance sets forth the means of designating and controlling streets and intersections, one of which is the placement of a traffic light. Once a street has been so designated, motorists traveling thereon are required to obey the signal. Lafayette Street, although running in a northerly-southerly direction, is controlled by a semaphore. Consequently, being otherwise designated by the semaphore, Lafayette Street is excepted from the cited section of the ordinance.
*869 The case of Soprano v. State Farm Mutual Automobile Insurance Company, 246 La. 524, 165 So.2d 308, 311 (1964), dealt with a similar situation and established:
Once a municipality has erected a four-sided automatic signal device at an intersection such as this, [statutory traffic designations] are no longer applicable so long as that device remains visible to an ordinary, observant motorist whether it is functional or not .... Should the device become non-operative, as in this case, the duty of an approaching motorist is then to exercise extreme caution at such an intersection and not to proceed therein until he ascertained that he can [sic] negotiate the intersection with safety.
A duty of extreme caution is imposed upon a motorist approaching an intersection with a non-operative traffic light. "To enter such an intersection without slowing down or stopping to ascertain whether the crossing can be negotiated in safety is imprudent and constitutes negligence in legal contemplation. Id., at 312. The trial judge found that Gaudet negligently caused the collision which is the subject of this litigation. Due to the approaching bus, it was unsafe to enter and attempt to cross the intersection. Gaudet should have seen the approaching bus and to attempt to cross the intersection in view of the approaching bus constitutes negligence. Under the law Gaudet is presumed to have seen what he should have seen. Young v. Sea Insurance Company 173 So.2d 362, 364 (La.App. 1st Cir.1965). Thus, Gaudet breached the duty of extreme caution owed by him to other motorists in entering this intersection when apparently it could not be safely traversed. The accident was caused by his fault, and plaintiff is denied recovery on this basis. Breihaupt v. Sellers, 390 So.2d 870 (La.1980). The duty of extreme caution was also owed to other motorists by Zulevich, the driver of the Greyhound bus, who was obligated to comply with the traffic lights along this route. As the traffic light at this intersection was non-operative at this time, she had a duty to slow or stop, and to proceed with extreme caution after ascertaining that it was safe to proceed. Zulevich's testimony merely establishes that she removed her foot from the power throttle when she saw the light was not operating. This act does not fulfill the duty of extreme caution owed by her. Like Gaudet, Zulevich caused this accident when she breached the duty she owed to other motorists of stopping or slowing and proceeding into the intersection only when it apparently could be safely crossed. Greyhound sought to recover property damages suffered as a result of this collision, and was awarded such damages by the trial judge. Since the collision was the fault of Greyhound conjointly with the fault of Gaudet, recovery by Greyhound for its damages will be denied.
The trial court also granted a directed verdict in favor of the City of Houma and the Department of Highways, State of Louisiana, on the ground that the accident was caused by Gaudet's fault, thereby exonerating the governmental entities from liability under LSA-C.C. art. 2317; Loescher v. Parr, 324 So.2d 441 (La.1975). We agree with this finding of the trial court, noting that Zulevich's breach of duty was also a cause of the accident.
Accordingly, for the above and foregoing reasons, the judgment of the district court is amended, and as amended, is affirmed. The demands of Betty Gros Gaudet are dismissed. Costs of the appeal are to be borne equally by Betty Gros Gaudet and Greyhound Lines, Inc.
AMENDED, AND AS AMENDED, AFFIRMED.

ON REHEARING.
In our original decision, we dismissed the demands of Betty Gros Gaudet, plaintiff; thus affirming the trial court's dismissal of plaintiff's suit against Louisiana Department of Highways, City of Houma, Houma Police Department and Greyhound Lines, Inc. We considered the evidence and concluded that the contributory negligence of Jackson Gaudet barred recovery of the plaintiff in her individual and tutorial capacities.
*870 After rendition of the original opinion, all parties except the City and the State (DOTD) applied for rehearing. Upon consideration of the applications for rehearing, we concluded that we had erred in definitively finding Greyhound Lines, Inc. at fault, since Greyhound had been dismissed on a directed verdict at the close of plaintiff's case and had not had an opportunity to put on evidence in its defense. See LSA-C.C.P. art. 1810.[1] Accordingly, we granted a rehearing on briefs. In granting the rehearing, we adhered to our original opinion that the record established no liability on the part of the City or the State (DOTD), and took under consideration all other issues of liability in the suits.[2]
The claim of Betty Gros Gaudet, plaintiff, arises out of the following set of facts: Driving to work at about 5:30 a.m. on the morning of August 11, 1978, Gaudet collided with a Greyhound bus at the intersection of Honduras and Lafayette Streets in Houma, Louisiana, and was killed as a result of the collision. The traffic light at this intersection was non-operative at the time of the accident, having been turned off by an unknown third party. Before the accident, the Houma Police Department responded to a call reporting the problem with the light, and discovered the power box was unlocked and the power switch was in the "off" position. They turned on the power to the light; however, at the time of the accident, the power had again been turned off.
Gaudet was traveling easterly on Honduras Street, a street that runs east-west, and was driving a truck provided for his use by his employer, Patterson and Edmonson Construction Company, Inc. A fellow employee was riding with Gaudet. The Greyhound bus, driven by Laverna (Myrna) Zulevich, was traveling southerly on Lafayette Street, which runs north and south, and have several traffic lights along the route. Ms. Zulevich testified that she was traveling between 25 and 30 miles per hour and was two car lengths from the intersection when she noticed that the signal light controlling this intersection was off; she removed her foot from the power throttle, but made no attempt to apply the brakes. When the bus was about three and one-half feet from the intersection, she saw a truck coming toward the intersection, appearing from around the building located at the corner of this intersection and she tried to avoid the accident by swerving to the left. Despite her efforts in this respect, the bus and truck collided, with the point of impact being the driver's door of the truck. The truck then skidded on through the intersection and slammed into the Green Door Lounge, a nearby bar. Police and ambulance service arrived at the scene and Gaudet was taken to the hospital, where he died a short time later. No one else was seriously injured, but there was substantial property damage to the truck, bus and nearby bar.
*871 The trial court, for oral reasons dictated into the record, dismissed the plaintiff's suit against the defendants. The judge found that Lafayette Street, as a north-south street, was the preferred street, thus Gaudet was negligent in his failure to yield the right of way to the bus. A directed verdict was granted in favor of Greyhound. The judge's decision was based on Houma Ordinance Section 22-24, which provides:
Except as otherwise designated in accordance with subsection (b) hereof, all streets running in a northerly and southerly direction are hereby declared to be right-of-way or through streets.
Subsection (b) of this ordinance sets forth the means of designating and controlling streets and intersections, one of which is the placement of a traffic light. Once a street has been so designated, motorists traveling thereon are required to obey the signal. Lafayette Street, although running in a northerly-southerly direction, is controlled by the traffic light. Consequently, being otherwise designated as controlled by the traffic light, Lafayette Street is excepted from the cited section of the ordinance.
The case of Soprano v. State Farm Mutual Automobile Insurance Company, 246 La. 524, 165 So.2d 308, 311 (La.1964), dealt with a similar situation and established:
Once a municipality has erected a four-sided automobile signal device at an intersection such as this, [statutory traffic designations] are no longer applicable so long as that device remains visible to an ordinary, observant motorist whether it is functional or not .... Should the device become non-operative, as in this case, the duty of an approaching motorist is then to exercise extreme caution at such an intersection and not to proceed therein until he ascertained that he can negotiate the intersection with safety.
A duty of extreme caution is imposed upon a motorist approaching an intersection with a non-operative traffic light. A motorist entering such an intersection without slowing down or stopping to ascertain whether the crossing can be negotiated safely is said to be imprudent and his actions constitute negligence in legal contemplation. Soprano v. State Farm Mutual Automobile Insurance Company.
The record establishes that Gaudet should have seen the approaching bus. Due to the approaching bus, it was unsafe for Gaudet to enter and attempt to cross the intersection. To attempt to negotiate the intersection under the circumstances of this case constituted negligence on the part of Gaudet. Thus, Gaudet breached the duty of extreme caution owed by him to other motorists in entering this intersection when apparently it could not be safely traversed. The negligence of Gaudet was a contributing factor in the cause of the accident, and plaintiff is denied recovery on this basis. Breithaupt v. Sellers, 390 So.2d 870 (La. 1980).
In view of our finding that the contributory negligence of Jackson Gaudet bars the action of his wife and heirs, it is not necessary that we consider the negligence of the driver of the Greyhound bus in this suit. Accordingly, we need not remand this suit, as we have the companion suits of Hebert, Number 82 CA0086, and Woolens, Number 82CA0088, to consider further evidence presented on behalf of Greyhound Lines, Inc. in its defense.
Accordingly, for the above and foregoing reasons, we affirm the judgment in this suit, dismissing the demands of Betty Gros Gaudet, the plaintiff. Costs of this appeal are to be borne by Betty Gros Gaudet, plaintiff-appellant.
AFFIRMED.
NOTES
[1] Along with Gaudet's demands, suits were filed by Ruby Woolens, d/b/a The Green Door Bar & Restaurant, Lucille Greco Hebert and Greyhound Lines, Inc. for the property damage sustained as a result of this collision. The employer of Gaudet was made a party to this litigation, as he was acting within the course and scope of his employment at the time of the accident. Separate judgments will be rendered, but the matter will be fully treated in the Gaudet case only.
[1] LSA-C.C.P. art. 1810 provides:

A. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts....
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief....
In the recent case of Aetna Casualty and Surety Company v. Nero, 425 So.2d 730 (La. 1983), the Supreme Court held that the Court of Appeal should not have rendered judgment against the defendant on appeal when the trial judge had granted a motion for directed verdict pursuant to LSA-C.C.P. art. 1810 and the defendant had no opportunity to present defense evidence.
[2] This suit is a companion suit to Hebert v. United States Fidelity & Guaranty Company, 432 So.2d 872 (La.App. 1st Cir. 1982); Greyhound Lines, Inc. v. The Department of Transportation & Development, Office of Highways, State of Louisiana, 432 So.2d 873 (La.App. 1st Cir. 1982); and Woolens v. The Department of Transportation & Development, State of Louisiana, 432 So.2d 876 (La.App. 1st Cir. 1982).