KNOLL, Judge.
This is a redhibition action brought by Walter D. Dubois against El Do Craft Boat Company, Inc. Dubois sought rescission of a sale of a 1980 boat and motor, damages for inconvenience, anxiety, compensation for the use of the purchase price and attorney’s fees. At the trial level the case was presented to a jury for determination, however, at the conclusion of plaintiff’s case the trial judge granted the defendant’s motion for a directed verdict, dismissing Dubois’ suit.
Dubois brings this appeal contending the trial judge erred in granting defendant’s motion for a directed verdict. At issue is whether the trial judge applied the wrong standard in granting the motion for a directed verdict.
FACTS
On June 20, 1980 Dubois purchased from Ed Cheek Marine, Inc. a fifteen foot El Do Craft boat, a Dilly boat trailer, a ninety horsepower Mercury outboard motor, a Mercury trolling motor, a depth finder, and other boat accessories for $6,100.00.
Dubois used the boat solely for recreational fishing. In May of 1981 after a fishing trip at Toledo Bend, Dubois noticed two 8-12 inch long cracks in the boat hull on the right front side. Ed Cheek Marine returned the boat to El Do for repair at no cost to Dubois. After the boat was repaired Dubois stored it until March of 1982 when he used it in a bass tournament in the Cane River.
*1318 After the tournament Dubois noticed cracks in the same area of the hull but, unlike the first set of cracks which ran horizontally, these ran longitudinally 2½-3 inches long. Dubois then tendered the boat to Ed Cheek Marine but El Do refused to repair the boat without payment. This lawsuit followed.
MOTION FOR DIRECTED VERDICT
In considering a motion for a directed verdict the standard to be applied depends on whether the case is a jury trial or a non-jury trial. In jury trials, the standard is set forth in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979) which adopted the standard enunciated in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969), and given approval by the Louisiana Supreme Court in Breithaupt v. Sellers, 390 So.2d 870 (La.1980), which is as follows:
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the. evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.”
In cases tried by a judge, the proper standard is a preponderance of the evidence. Bryan v. Varnado, 394 So.2d 1321 (La.App. 1st Cir.1981).
In granting the motion for a directed verdict in the present case, the trial judge in his oral reasons applied the preponderance of evidence standard which was error. However, this case is a proper case for the granting of a directed verdict because it passes the Campbell standard, supra.
In Theriot, et al. v. St. Martin Parish School Board, et al., 434 So.2d 668, a case from this court involving a like issue, this court stated:

“The application of the ‘preponderence of the evidence’ rule by the trial court was error. Campbell v. Mouton, supra, specifically held that a trial court erred in applying the standard of ‘preponderence of the evidence’ in deciding a motion for a directed verdict.

The standard set forth in Campbell can be summarized as follows: A directed verdict can be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict. With this standard in mind we examine the evidence presented by plaintiff.”

Turning to plaintiffs evidence in the case at hand we find that the record is void of any evidence that would render El Do Craft liable for the cracks in Dubois’ boat. The fact that El Do manufactured the boat would not of itself make it liable for cracks that appeared in the boat hull almost one year and two years respectively from the date of purchase. Dubois would have to show that the hull was defective before he bought the boat and in absence of such a showing El Do cannot be held liable. On this point there is no evidence. In essence, plaintiff’s evidence establishes the cracks in the boat hull but does not show what caused the hull to crack.
The trial judge noted in his oral reasons that Dubois failed to prove that the boat was defective in May of 1980, the date of purchase, and further determined that the plaintiff failed to prove any damages. We find the record supports the trial judge’s conclusions.
In order for Dubois to be successful he has to prove the defect existed in the boat before the sale was made. If the defect would have appeared within three days immediately following the sale there would have been a presumption that the defect existed before the sale. LSA-C.C. Art. 2530 provides:

*1319
“The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.’’

In view of the amount of time that elapsed from the date of sale to the appearance of the first set of cracks in the hull, Dubois is not favored with this redhibitory presumption and he must prove the existence of redhibitory defects at the time of sale. We find that there is no evidence of redhibitory defects at the time of sale.
We further find that in considering all of the evidence, in the light and with all reasonable inferences most favorable to Du-bois, the facts and inferences point so strongly and overwhelmingly in favor of El Do Craft, that reasonable persons could not arrive at a contrary verdict. Therefore, the granting of the directed verdict by the trial judge was proper.
The judgment of the trial court is affirmed, assessing the plaintiff-appellant with all costs of this appeal.
AFFIRMED.
STOKER, J., concurs with written reasons.
DOUCET, J., dissents with written reasons.