STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-1229


DAVID BERTINI, ET AL.

VERSUS

DALE SCAIFE


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 56,886
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**


**John William Pickett**
**Attorney at Law**
**P. O. Box 250**
**Many, LA 71449**
**(318) 256-3846**
**Counsel for: Defendant/Appellant**
**Dale Scaife**

**Nathaniel Williams Esq.**
**Williams Family Law Firm**
**P.O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for: Plaintiff/Appellee**
**David Bertini**
**Mandy Davis**

**SAUNDERS, J.**

This case comes to us on appeal of a trial court's judgment finding defendant strictly liable for damages resulting from a fire that destroyed plaintiffs' property located in a trailer rented from defendant. Plaintiffs entered into a lease agreement for the rental of a trailer home with defendant. Plaintiffs lit a fire in the trailer's fireplace insert that eventually burned out of control and destroyed the trailer and all property located therein. The trial judge found defendant strictly liable under La.Civ. Code art. 2695 and awarded damages in the amount of $1,500.00. We affirm.

**FACTS AND PROCEDURAL HISTORY**

In November of 2003, David Bertini and Mandy Davis entered into a lease agreement with defendant Dale Scaife. This agreement was for the lease of a trailer home located near defendant's residence. Mr. Bertini gave Mr. Scaife $150.00 as a partial deposit and the parties moved into the trailer. Mr. Scaife provided appliances, a lounge chair, a dinette set, chairs, a washer and dryer, and bath towels and cloths. The unit also contained a wood burning fireplace insert that plaintiffs used at least twice prior to the incident giving rise to this litigation.

Approximately two weeks after moving in, plaintiffs lit a third fire in the fireplace that burned while the couple ate dinner. After dinner, Mr. Bertini added another log to the fire while Mandy Davis took a shower. Shortly thereafter, Mr. Bertini noticed smoke and flames in the vents of the fireplace insert. He called Ms. Davis who saw the problems witnessed by Mr. Bertini. Ms. Davis then went to the nearby home of Mr. Scaife to ask for help while Mr. Bertini attempted to extinguish the fire by pouring water onto it. Upon arriving at the trailer, Mr. Scaife also attempted to extinguish the fire by spraying water from a hose onto the insert. These

efforts were unsuccessful and the fire totally destroyed the trailer and all contents, none of which were insured.

Suit was filed in the Eleventh Judicial District Court and trial was held on June 28, 2004. A written judgment in favor of plaintiffs for $1,500.00 was rendered on June 30, 2004. Defendant timely filed this appeal and plaintiff answered asking for an increase of the award.

**ASSIGNMENTS OF ERROR**

1) The trial court erred in failing to grant a directed verdict at the close of Plaintiff's evidence.

2) The trial court erred in finding defendant at fault at the conclusion of trial.

**STANDARD OF REVIEW**

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a judge's factual finding unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't Of Transp. & Dev.*, 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 1112. Furthermore, when reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*,

03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644.

**ASSIGNMENT OF ERROR NUMBER ONE**

In his first assignment of error, defendant argues that the trial court erred in denying his motion for directed verdict. Article 1810 of the Louisiana Code of Civil Procedure governs directed verdicts and provides that the motion is properly made "at the close of the evidence offered by an opponent[.]" This court has previously determined that such a motion may only be made after the closing of the non-mover's case. *Duplechin v. John Doe, Remmer & Garrett, Inc.*, 365 So.2d 53 (La.App. 3 Cir. 1978). In the case sub judice, defendant moved for a directed verdict before plaintiffs offered all evidence. According to the terms of La.Code Civ.P. art. 1810, the motion was untimely and the trial judge was justified in denying it. Because we affirm the entire ruling of the trial court and find that plaintiffs demonstrated a right to recover, we do not feel that the motion should have been granted even if it had been made at the proper time. This assignment lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO**

In this assignment, defendant argues that the trial judge erred in holding him liable for the damages suffered by plaintiffs. No written reasons were given for the trial court's judgment; however, we find defendant liable according to La.Civ.Code art. 2695 as it existed prior to the revisions that became effective January 1, 2005. It is undisputed that plaintiffs and defendant had a lessor/lessee relationship. A lessor's liability for vices and defects is established by La.Civ.Code art. 2695, which provides that:

> [t]he lessor guarantees the lessee against all the vices and
> defects of the thing, which may prevent its being used even

−3−

> in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.

The clear terms of this article do not require that the lessor act reasonably to avoid liability, merely that the defect not be caused by the lessee. Defendant, however, argues that the 1996 Louisiana tort reform, namely the enactment of La.Civ.Code article 2317.1 which added a reasonable care standard to some instances previously governed by a strict liability standard, arguably removes the traditional notion of strict liability from La.Civ.Code art 2695. We disagree.

We believe that the traditional strict liability set forth in La.Civ.Code art. 2695 was unaffected by the 1996 reforms. That article was found in Chapter 2 of Title IX entitled "OF THE OBLIGATIONS AND RIGHTS OF THE LESSOR" while article 2317.1 is located in Chapter 3 of Title V entitled "OF OFFENSES AND QUASI-OFFENSES." We are unwilling to hold that a change in standards of general tort liability affects long standing rights and duties of a well established legal relationship. In order to so hold, we would have to disregard the structure of our Civil Code and Civilian methodologies. Because we find that Article 2695 was unaffected by the 1996 tort reform, traditional jurisprudence regarding that article is applicable.

In order to recover under La.Civ.Code art. 2695, a lessee must prove, by a preponderance of the evidence, that a defect existing on the premises caused damage or loss. *McGinty v. Pesson*, 96-850 (La.App. 3 Cir. 12/11/96), 685 So.2d 541. The lessor's liability is based on his status as landlord not on personal fault; therefore, a landlord's lack of knowledge regarding a defect is inconsequential. *Id*. Plaintiffs

testified that they used the fireplace insert without incident on at least two prior occasions. In fact, they had been using the fireplace for some time the night the fire spread out of control. Suddenly and without explanation, the fire spread into the walls of the trailer. All Mr. Bertini did was add another log to the fire just as had been done before. The log was the same type as those previously used by plaintiffs. Mr. Bertini further testified that he was just sitting in the room when he noticed smoke and flames behind the fireplace's vents. The fire spread to the walls and eventually engulfed the entire trailer. The trial judge, sitting as the trier of fact, found this testimony to be credible. The court concluded that plaintiffs were not at fault and that a defect existed as evidenced by the spread of the fire into the walls of the trailer.

We cannot overturn this judgment absent manifest error. After reviewing the record, we find that the trial court was not manifestly erroneous in ruling that a damage causing defect existed. The fact that plaintiffs apparently did nothing different on the night of this incident than they had previously done and that they did not appear to be negligent in any manner indicates that it is more probable than not that a defect existed in the fireplace insert. This defect clearly caused damage as it resulted in the total destruction of the trailer and all property located therein. As such, defendant is strictly liable for the damage done to plaintiffs by virtue of his status as landlord. This assignment of error lacks merit.

In addition to arguing against reversal of the trial court's judgment, plaintiffs ask this court to increase the award for lost property to $4,400.00 and award general damages because they witnessed the destruction of their property and their daughter allegedly now suffers from nightmares. Regarding the award for lost property, it is

undisputed that the majority of the furnishings located within the trailer were owned by defendant. Plaintiffs did, however, have some of their own belongings inside. After hearing the evidence regarding the nature and value of these items, the trial court set their value at $1,500.00. We see no manifest error in this determination and affirm the trial court's award in this regard. Furthermore, plaintiffs' claims regarding general damages are not supported by the record. There is no testimony regarding distress or anxiety due to witnessing the destruction of the property. Absent such evidence, the trial judge was not manifestly erroneous in failing to award damages. Finally, plaintiffs' claims that Tai Davis, the minor child living with them, suffers from nightmares due to the fire are equally unsupported. The child did not testify on her own behalf and Mr. Bertini and Mrs. Davis presented no medical evidence substantiating this allegation. The trial court was not manifestly erroneous in failing to award general damages in this matter.

**CONCLUSION**

The trial court's judgment holding defendant strictly liable for $1,500.00 of damages due to a defect in the leased premises is affirmed. All costs of this appeal are assessed against defendant.

**AFFIRMED.**