454 So.2d 275 (1984)
William S. DAVIS and Henry Johnson
v.
William N. ECKERT, Buck Kriehs Co., Inc. and the City of New Orleans.
No. CA-1728.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
*276 Gregory M. Porobil, New Orleans, Bailey & Leininger, Leon A. Aucoin, Jon D. Picou, Janice B. Unland, Metairie, for appellees.
Salvador Anzelmo, City Atty., Douglas P. Wilson, Chief Deputy City Atty., Michael J. Laughlin, Asst. City Atty., New Orleans, for appellant.
Before GULOTTA, SCHOTT and WILLIAMS, JJ.
GULOTTA, Judge.
In these consolidated suits arising out of an intersectional accident, the City of New Orleans appeals from a judgment holding it strictly liable under LSA-C.C. Art. 2317 for a malfunctioning traffic signal at the accident scene. We reverse.
The collision occurred on February 20, 1982, at the intersection of Jackson Avenue and Annunciation Street in New Orleans. William Eckert was driving on Jackson Avenue toward the River, while William Davis, a cab driver, was traveling westbound (uptown) on Annunciation Street and approaching the intersection from Eckert's left. After crossing the median separating opposing lanes of Jackson Avenue, Davis' cab struck the left side of the Eckert vehicle near the rear door.
The intersection was controlled by traffic signal lights, including an "overhead" light suspended above the streets, and other lights on "pedestal bases" or posts in the Jackson Avenue median and the street corners. Although the pedestal lights were working properly, the overhead signal had been "twisted" out of proper alignment so as to appear green to riverbound traffic on Jackson Avenue and also (at the same time) to westbound Annunciation Street traffic.
Davis and the cab owner, Henry Johnson, filed suit against the City, Eckert, and Eckert's employer Buck Kreihs Co., Inc. Eckert and his employer reconvened, and filed third party demands against the City for indemnity or contribution, as well as for their damages. The City denied the claims of both drivers, and third parties Eckert and his employer. In a separate suit, Florence Cressy, owner of a parked car damaged in the collision, likewise sought recovery. Cressy's suit was later consolidated with the other action.
After a trial on the merits, the trial judge concluded "... that the sole proximate cause of the accident was the twisted traffic signal which caused both drivers ... to be faced with a green traffic signal and both concluding that they were acting prudently by entering the intersection almost simultaneously." The trial judge further found that neither driver had been "contributorily negligent" or "guilty of victim fault". Citing LSA-C.C. Art. 2317, the court concluded that the traffic signal was defective, and that the City was solely liable.
Appealing, the City contends the twisted traffic signal is not a "vice or defect in the thing" within the meaning of LSA-C.C. Art. 2317. Alternatively, the City argues that both drivers were negligent and guilty of fault which caused the collision, thereby exonerating the City from liability either in negligence or under LSA-C.C. Art. 2317.
Although we reject the City's argument that the twisted light was not a "defect" within the meaning of LSA-C.C. Art. 2317, we find merit to its contention that both drivers' concurrent negligence, not *277 the malfunctioning light, was the sole cause of the collision.
The testimony of Anthony Raines, a traffic engineer for the Department of Streets and Engineering, and Michael Fretwell, a traffic signal technician, established that the post or pedestal traffic signals at the intersection were functioning properly but that the overhead signal was in a turned position so as to give a "dual indication". Because of this malfunction, a motorist traveling riverbound on Jackson would be confronted with conflicting signals (i.e. the overhead signal showing green, and the pedestal lights showing red), whereas a westbound motorist on Annunciation approaching from that riverbound driver's left would see green lights.
Consistent with this testimony, Davis testified that five minutes before the collision he had driven his cab riverbound on Jackson Avenue and had observed that the lights were malfunctioning at the intersection. According to Davis, as he approached Annunciation on Jackson Avenue, he was confronted with a green overhead light and two red pedestal lights. Accordingly, he came to a stop and looked around carefully for approaching vehicles before turning left onto Annunciation. After dropping off a fare paying passenger two blocks away, Davis then proceeded back toward the intersection on Annunciation where he saw green lights in his favor. He testified, however, that he "wasn't thinking at the time" and "forgot" about the malfunctioning overhead light. Without looking to see if traffic was approaching from either direction on Jackson or taking additional precaution, Davis proceeded into the intersection.
This evidence considered, we conclude the trial court erred in failing to find Davis at fault. Davis was aware of the malfunctioning traffic signal, having observed it only minutes earlier. This notice of the signal malfunction placed upon him an obligation to exercise a higher degree of care as he again entered the intersection, albeit from a different approach. Davis' prior knowledge of the malfunctioning deprives him of reliance on the ordinary presumption afforded a driver favored with a green light, who can safely assume that intersecting traffic will yield. See Bourgeois v. State Through Department of Highways, 255 So.2d 861 (La.App. 4th Cir.1971). By his own testimony, Davis "wasn't thinking" and "forgot" about the malfunctioning light he had observed only five minutes earlier. It is also significant that he had driven only two blocks from the intersection to drop off his fare paying passenger before returning to the same intersection. This victim fault precludes recovery against the City based on C.C.P. 2317 strict liability.
In the same way that Davis is precluded from recovering against the City, Eckert's negligence in proceeding through the intersection without exercising a greater degree of care when confronted with conflicting traffic signals is a bar to recovery against the City. Eckert testified that he had only observed the green overhead light but had not remembered noticing red pedestal lights at the intersection. The testimony of the Department of Streets personnel and Davis establishes, however, that even though the overhead light may have appeared green, the post lights were showing red to Eckert. Indeed, five minutes previously, Davis had observed the conflicting signals and had stopped upon approaching the intersection in the same path as Eckert. Under these circumstances, we conclude Eckert was negligent in failing to maintain a proper lookout and to see that which he should have seen.
Because the evidence clearly establishes the equal, total and concurrent negligence of both drivers, no liability attaches to the City, either in strict liability or negligence. A municipality is not liable for a malfunctioning traffic signal where the harm was caused by the fault of the victim or a third person. Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La.1980); American Road Ins. Co. v. Montgomery, 354 So.2d 656 (La.App. 1st Cir.1977), writ denied 356 So.2d 430, 434, 435 (La.1978); *278 Norris v. City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983).
Applying Louisiana's comparative negligence law to this accident, we apportion the fault of the drivers as follows: 50% to Eckert and 50% to Davis. Reducing each driver's general damages in proportion to the percentage of negligence attributable to him, we conclude that each is entitled to recover 50% of his damages from the other.[1] LSA-C.C. Art. 2323; Sampy v. Roy Young, Inc., 425 So.2d 284 (La.App. 3rd Cir.1982); Varnado v. Continental Ins. Co., 446 So.2d 1343 (La.App. 1st Cir.1984).
Although Eckert's negligence is imputable to his employer, Buck Kriehs Co., Inc., there is no basis for holding Henry Johnson (owner of the vehicle driven by Davis) vicariously liable for Davis' negligence. The evidence simply establishes that Johnson leased the vehicle to Davis; and, absent a showing that Johnson exercised any control over Davis or had any privity of contact with him beyond the lease arrangement, Davis' negligence is not imputable to Johnson as owner-lessor. Vicknair v. Olin, 371 So.2d 360 (La.App. 4th Cir.1979); Turner v. Ewing, 220 So.2d 518 (La.App. 4th Cir.1969), affirmed 255 La. 659, 232 So.2d 468 (1970). Johnson is therefore entitled to recover $541.00, the full amount, of the stipulated damages to his vehicle, from Eckert and his employer, Buck Kriehs Co., Inc.[2]
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and set aside. Judgment is now rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there is judgment in favor of WILLIAM S. DAVIS and against WILLIAM N. ECKERT AND BUCK KRIEHS COMPANY, INC. jointly and in solido, in the full sum of Three Thousand Seven Hundred Eighty-Six and 50/100 ($3,786.50) Dollars, together with legal interest from the date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is judgment in favor of WILLIAM N. ECKERT and BUCK KRIEHS COMPANY, INC., plaintiffs-in-reconvention, and against WILLIAM S. DAVIS, in the full sum of Three Thousand Twenty-Eight and 77/100 ($3,028.77) Dollars, together with legal interest from the date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is judgment in favor of plaintiff HENRY JOHNSON and against WILLIAM N. ECKERT and BUCK KRIEHS COMPANY, INC., in the full sum of Five Hundred Forty-One and 00/100 ($541.00) Dollars, together with legal interest from the date of judicial demand until paid and for all costs.
REVERSED AND SET ASIDE; RENDERED.
NOTES
[1] Damages were stipulated in the following amounts: Davis ($7,573.00); Eckert and Buck Kriehs Co., Inc. ($6,057.53).
[2] Johnson asserted no claim against Davis and therefore cannot recover from him. Johnson is entitled to full recovery of his stipulated damages from the solidary obligors Eckert and Buck Kreihs, Co., Inc. See LSA-C.C. Art. 2324.