liAMY, Judge.
The plaintiff filed suit against the defendant automobile insurance company seeking payment for damages sustained by his vehicle. The defendant alleged that any debt owed under the policy was rendered void by the plaintiffs purported alteration of a check presented for the claimed damages. The lower court granted a motion for summary judgment filed by the defendant in this regard. We reverse.
Factual and Procedural History
It is undisputed that the plaintiff, Charles Calahan, owned a vehicle insured by the defendant, Midland Risk Insurance Company, and that this vehicle, a truck, sustained damage due to flooding in October 1996. In the August 1997 petition instituting this matter, Calahan asserted that, despite his demand for the repair | {.expenses,[1] the insurance company failed to honor the demand. Thus, he sought damages, penalties pursuant to La.R.S. 22:1220(B)(5), and attorney’s fees.
In a supplemental and amending answer, Midland Risk asserted that on January 10, 1997, a check was issued to the plaintiff in the amount of $121.00 for payment under the insurance policy. However, according to Midland Risk’s answer, the plaintiff fraudulently altered the amount of the check to $816.00. Although the bank of deposit originally accepted the check, the bank upon which the check was drawn ultimately refused payment of the check. Midland Risk asserted that “pursuant to the provisions of Louisiana R.S. 10:3-407, the conduct of the plaintiff in fraudulently altering the check issued in *692 payment of this loss effectuates the discharge of MIDLAND RISK INSURANCE COMPANY from any obligation herein.”
Following the supplemental answer asserting this affirmative defense, Midland Risk filed a motion for summary judgment asserting that the underlying obligation of the check, payment for damages arising under the insurance contract, was extinguished by operation of La.R.S. 10:3-407. Attached as exhibits to the memorandum in support of summary judgment were the pertinent insurance policy and copies of the front and the back of the $121.00 check. Reference to the check indicates that a line was drawn through the sum of $121.00 and that the sum of $816.00 replaced the figure. Furthermore, the typewritten “One Hundred Twenty-One and ******** 04/100” was replaced by “Eight Hundred Sixteen and no/100.” I/The check, which was issued to the plaintiff, was endorsed. Although a memorandum in opposition was filed, no attachments to the memorandum were included.
The motion for summary judgment was granted by the lower court. The plaintiff appeals assigning the following as error:
1. The Trial Court failed to note that the issue in dispute was the amount of insurance coverage which was admitted by both parties.
2. The Trial Court erred in finding that an unsupported, and unproved affirmative defense gave rise to summary judgment.
Midland Risk answered the appeal asserting that Calahan’s appeal is frivolous and that sanctions should be imposed pursuant to La.Code Civ.P. art. 863.
Discussion
In his brief to this court, Calahan argues that genuine issues of material fact remain. In particular, he asserts that “[t]he issue of how much coverage is the material issue that is in dispute.” He contends that Midland Risk’s argument regarding La. R.S. 10:3-407 does not resolve the larger issue of the extent of coverage and, furthermore, that the defendant failed to offer adequate proof regarding the allegation of the altered check.
An appellate court reviews a lower court’s treatment of a motion for summary judgment de novo. Potter v. First Fed. Sav. & Loan Ass’n of Scotlandville, 615 So.2d 318 (La.1993). Furthermore, this review is conducted using the same criteria governing the lower court’s consideration of the appropriateness of summary judgment. Id. La.Code Civ.P. art. 966 provides that summary judgment shall be granted in the following instances:
pB. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits pri- or to the date of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he *693 ■will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Thus, a court considering summary judgment must first determine whether a moving party’s documents resolve all material factual issues. Melancon v. City of Lafayette, 98-175 (La.App. 3 Cir. 10/7/98); 719 So.2d 694 citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730. “A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery.” Potter, 615 So.2d at 325.
La.R.S. 10:3^07, the statute upon which Midland Risk seeks summary judgment, provides as follows:
(a) “Alteration” means (i) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party.
ls(b) Except as provided in Subsection (c), an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced according to its original terms.
(c) A payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument (i) according to its original terms, or (ii) in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed.
(Emphasis added).
According to Midland Risk, the portion of La.R.S. 10:3-407 emphasized above releases them from any obligation owed to Calahan pursuant to the policy. Based upon Midland Risk’s submission, we disagree. First, we note that, in support of its motion for summary judgment, Midland Risk submitted a memorandum, a copy of the insurance policy, and copies of the altered check. While reference to the check demonstrates that it has obviously been endorsed, altered, and appears to have been deposited, Midland Risk has provided no evidence which would place this check in context. For instance, we have no evidence, other than unsupported evidence provided in Midland Risk’s unverified answer and statements made by the parties at oral arguments, indicating that it was the plaintiff who altered the check. Furthermore, although oral argument was made to the contrary, there is no indication in the submission that Midland Risk did not acquiesce in the alteration of the check, a remaining factual issue which could render the statute inoperable and one which could still be proven at trial. Thus, fundamental questions relating to the fraudulent quality, or lack thereof, of the alteration remain unanswered. Other than the | (¡allegations contained in Midland Risk’s brief and its answer, the essential element of fraud is simply not addressed by the evidence contained in the submission. We do not reach the issue of whether Midland Risk could have sufficiently supported their motion for summary judgment by demonstrating that no genuine issues of material fact remain, but only that this submission is inadequate to satisfy the initial burden required of a party moving for summary judgment.
Furthermore, we note that, even if we were to find summary judgment appropriate here, there is no indication on the face of the check, or by affidavit or deposition, whether the $121.00 check at issue was issued to the plaintiff as full satisfaction for the obligation owed under the insurance policy. Arguably, a contest could remain for any sum owed in excess of the face amount of the check. We find no jurisprudence addressing whether operation of La.R.S. 10:3-407 extinguishes only *694 the obligation evidenced by the check, ie., $121.00, or whether alteration may extinguish the entirety of the underlying obligation. Given our finding that the defendant failed to meet the requisite burden for summary judgment, we need not decide that issue here.
Finding that Midland Risk’s application leaves factual issues remaining and that legal issues continue to exist, we reverse the summary judgment entered in this matter. Due to our findings, we pretermit discussion of Midland Risk’s request for sanctions.
^DECREE
For the foregoing reasons, the decision of the lower court is reversed. This matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are assigned to the defendant, Midland Risk Insurance Company.
REVERSED AND REMANDED.
WOODARD, J., concurs with reasons.

. Midland Risk’s brief to this court indicates that the claim filed by Calahan was for repairs totaling $1,242.00 and that a $500.00 deductible was owed. Calahan asserts in his brief that Midland Risk is liable "for the damages and losses sustained by Plaintiff in said accident, less the $500 deductible.”