407 So.2d 75 (1981)
Glen ORAZIO
v.
Harold DUREL, Safeco Insurance Company, and The City of New Orleans.
No. 12145.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1981.
Tooley & Waldmann, Lester J. Waldmann, Gretna, for plaintiff-appellant.
Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon, New Orleans, for third party plaintiff-defendants-appellees.
John P. Nelson, Jr., Sp. Trial Counsel, New Orleans, for third party defendants-appellees.
Yada T. Magee, Asst. City Atty., New Orleans, for third party defendants-appellees.
*76 Before GULOTTA, GARRISON and BARRY, JJ.
BARRY, Judge.
The plaintiff, Glen Orazio, was injured while driving his motorcycle through a major intersection when the traffic signals were not functioning. He sues the City of New Orleans urging strict liability, and Harold Durel, operator of an automobile which attempted to enter the intersection. In brief reasons for judgment the trial judge found Orazio at fault and dismissed his lawsuit. On appeal plaintiff argues: under Civil Code Art. 2317 contributory negligence is not a defense to the City's strict liability for damage occasioned by a defective thing (the traffic signals); the lower court failed to rule on the negligence of the Durel vehicle; and the lower court erred in finding him contributorily negligent as to Durel. We agree with the lower court's conclusion that plaintiff's fault was the cause of his damages and affirm.
It is undisputed that the traffic lights were not working at the intersection of City Park Avenue and Canal Street at the time of this accident. The plaintiff, Orazio, knew the lights weren't functioning as he proceeded on City Park Avenue toward Canal Street. Orazio testified he was crossing the intersection at 5 m.p.h. and had traveled approximately 100 feet when the Durel automobile entered his lane of travel by turning left off City Park Avenue. Knowing an accident was imminent, Orazio "laid down" his motorcycle causing him to slide into the right front of Durel's car. Durel testified he stopped at the intersection, moved forward less than two feet, and did not see Orazio until the motorcycle was 20 feet from his car whereupon he applied his brakes. Two passengers in Durel's automobile testified their vehicle stopped at the intersection, moved forward slightly and stopped again a moment prior to impact.
Plaintiff argues that the accident was caused by the inoperative traffic lights and the City is strictly liable for damages caused by things in its custody under LSA-C.C. Art. 2317[1]. We agree that traffic signals fall into this category under Jones v. City of Baton Rouge, 388 So.2d 737 (La. 1980) and the plaintiff need only prove the traffic signals were defective, occasioned an unreasonable risk of injury to others, and that his injury was caused by the defect. Jones, supra, at p. 739, citing Loescher v. Parr, 324 So.2d 441 (La.1976). The defenses to strict liability are the fault of the victim, fault of a third person, or by an irresistible force. Jones, supra, p. 740. Rodrigue v. Dixilyn Corp., 620 F.2d 537 (5th Cir. 1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981), Richards v. Marlow, 347 So.2d 281 (La.App. 2nd Cir.) cert. denied 350 So.2d 676 (La.1977).
The trial judge found fault of the victim (Orazio) in exonerating the City from its strict liability and we do not find manifest error in that conclusion. Orazio voluntarily entered this intersection and testified he was aware that the traffic signals were not functioning. We could also conclude, though it is unnecessary, that fault of a third person (Durel) exculpated the City's obligation importing strict liability. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1979). Assuming arguendo that the traffic lights were defective, we are satisfied that Orazio's fault was independent and the superseding cause of his damages which are not imputable to the defendant City of New Orleans. Rodrigue, supra.[2] The plaintiff acted with full knowledge and appreciation of the risk he voluntarily assumed and which caused his exposure to the resulting danger. Orazio's damages have no causal connection to the City's fault and he should not be allowed to recover against the City under strict liability. See Loescher v. Parr, supra.
*77 Plaintiff urges application of LSA-R.S. 32:122 which requires a left turning vehicle (Durel) to yield right of way at an intersection. However, this standard of care is inapplicable when semaphores are not operating properly. "[T]he duty of an approaching motorist is then to exercise extreme caution at such an intersection and not to proceed therein until he has ascertained that he can negotiate the intersection with safety." Soprano v. State Farm Automobile Ins. Co., 246 La. 524, 165 So.2d 308 (1964) at p. 311.
The question of Orazio's negligence was strictly a judgment call by the trier of fact. Durel admitted entering the intersection approximately two feet and immediately stopped upon seeing the plaintiff. Plaintiff's speed prior to impact was suspect. The trial judge had a firsthand opportunity to observe the witnesses and evaluate their testimony before concluding that the plaintiff's fault should bar his recovery. We find no manifest error in that determination. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The District Court judgment is affirmed with plaintiff assessed costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 2317. Acts of others and of things in custody.

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
* * * * * *
[2] Judge Tate presents an excellent review of available defenses to Art. 2317 strict liability.