KLEES, Judge.
Defendants A.B. Dick Company and Zurich Insurance Company appeal a judgment awarding plaintiff damages for injuries she suffered when her automobile collided with a van being driven by an A.B. Dick employee. Defendants contend that the trial court erred by rendering a judgment that is against the clear weight of the evidence, by failing to impose liability upon the City of New Orleans, and by awarding damages in an excessive amount. We disagree, and therefore affirm the judgment and award.
The accident occurred at the intersection of Martin Luther King Boulevard and Car-ondelet Street on the afternoon of April 14, 1981. The plaintiff, Mrs. Rosemond, was traveling on Martin Luther King. After entering the intersection on a green light, she was hit on the left rear side by a van traveling on Carondelet. The van was driven by an employee of A.B. Dick Co., Lawrence Diggs, who testified that he also had a green light when he approached the intersection.
The plaintiffs testimony was confirmed by Edward Barrow, an eyewitness to the accident. Mr. Barrow, who was traveling on Martin Luther King in the opposite direction from the plaintiff, stated that he had a green light as he approached the intersection, but that the traffic signal then blanked out, and within ten seconds, he saw the white van come across and hit the plaintiffs car. According to Mr. Barrow, the plaintiffs car was almost completely across the intersection when it was struck, which tends to confirm the plaintiffs statement that she entered the intersection on a green light.
Mr. Barrow’s statement contradicts the testimony of Mr. Diggs, however. Although Mr. Diggs stated that he had a green light, Mr. Barrow saw the white van enter the intersection after the signal blanked out. While it is true that Mr. Barrow could only see the light facing him and not the one facing Carondelet Street, he also stated that immediately after the accident, he walked to the corner of Caron- *654 delet and Martin Luther King and noticed that the light was out in all directions.
The plaintiff also called as a witness Mr. Anthony Raines, a traffic engineer for the City of New Orleans. Mr. Raines produced records showing that on April 15th, the day after the accident, the city received a complaint of a malfunction in the traffic signal at Carondelet and Martin Luther King. After some investigation, it was determined that the trouble was a defective relay switch which was causing the red light for Carondelet street to show up blank. Given this testimony and the testimony of Mr. Barrow, we find that it was reasonable for the trier of fact to infer that the light facing Carondelet street^ was blank at the time Mr. Diggs entered the intersection.
A motorist who approaches an intersection with an inoperative traffic light has a duty to proceed with extreme caution. “To enter such an intersection without slowing down or stopping to ascertain whether the crossing can be negotiated in safety constitutes negligence in legal contemplation.” Soprano v. State Farm Automobile Ins. Co., 246 La. 524, 165 So.2d 308, 312 (1964). Accord: Norris v. City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983); Gaudet v. Louisiana Department of Highways, 432 So.2d 867 (La.App. 1st Cir.1982). Under this law, we believe the trial court was correct in finding that Mr. Diggs’ negligence was the proximate cause of the accident.
With respect to damages, we do not find that the amount awarded by the trial court was excessive. The plaintiff, a sixty-eight year old woman, had an arthritic condition that was clearly aggravated by the accident. The trial court awarded her $8,500, presumably for pain and suffering as well as lost wages. In order to disturb such an award, we must first find that the trier of fact abused its discretion in making it. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The record shows no such abuse of discretion in this case.
Accordingly, for the reasons given, we affirm the judgment of the trial court. All costs to be borne by appellant.
AFFIRMED.