527 So.2d 1002 (1988)
Rodney HAYES
v.
The CITY OF NEW ORLEANS.
Juanita STEWART
v.
CITY OF NEW ORLEANS.
Nos. CA 8852, CA 8853.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Rehearing Denied July 19, 1988.
*1003 Sandra Nathan Friedman, Herman S. Kohlman, Kohlman & Kohlman, New Orleans, for plaintiff/appellant.
Okla Jones, II, City Atty., Don J. Hernandez, Val K. Scheurich, Cheryl Quirk Landrieu, Asst. City Attys., New Orleans, for defendant/appellee.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
In this intersectional collision case, the plaintiff-appellant, Juanita Stewart, appeals from a judgment in which her suit against the City of New Orleans was dismissed and the two colliding drivers were found to have together contributed one hundred per cent toward the accident. The issue presented here is the liability of the City of New Orleans for a nonfunctioning traffic light under LSA-C.C. Art 2315, negligence or under LSA-C.C. Art. 2317, strict liability.
On Sunday morning, February 24, 1985, two automobile accidents occurred at the intersection of Orleans Avenue and North Broad Street. The initial accident took place about 10:00 A.M. when Kwa Kok Hai lost control of his vehicle and struck the traffic control box that operated this intersection's signal lights, causing them to malfunction.
At 10:15 A.M., Officer Sherman Defillo, a New Orleans Police Department employee was dispatched to investigate the accident. According to the police report, he arrived on the scene at 10:20 A.M.; he then contacted his dispatcher to inform him that the lights were completely out in the intersection. Officer Defillo issued a citation to Mr. Hai for careless operation of his vehicle. The officer remained at the intersection for twenty or thirty minutes to complete his investigation. He did not attempt to direct traffic or to call for a back-up to assist him in manually controlling traffic at the intersection nor did he place stop signs there.
At 10:30 A.M., Alvin Davenport, a traffic signal repairman for the City of New Orleans, arrived at the intersection, observed that the lights were not working and that the traffic control box was on the sidewalk. Davenport began installing a device to cause the lights to flash.
Between 10:45 and 10:50 A.M., Michael Stewart was driving in an uptown direction in the left lane of North Broad Street approaching Orleans Avenue with his mother, Juanita Stewart, the appellant herein, as guest passenger in the front seat. When Mr. Stewart was asked, "Did you see a red light?", he responded, "I didn't see a red light and I didn't see a yellow light. I assumed that it was green because the traffic was flowing." Rodney Hayes testified that he was driving lake-bound on Orleans Avenue when he noticed that the traffic light at Broad Street was malfunctioning. Hayes testified that he did not stop at the intersection because on Broad Street "cars stopped allowing [Orleans Avenue] traffic to go through."
Appellant argues that this court should expand the liability of the City of New Orleans. She cites two First Circuit cases in which a municipality's failure to warn motorists that traffic lights were malfunctioning *1004 was found to be a contributing cause-in-fact of the accident. In Pope v. City of Baton Rouge, 449 So.2d 1070 (La. App. 1st Cir.1984), the court found that the city had knowledge of the defective traffic lights at 6:54 A.M. and the accident occurred at approximately 7:30 A.M. The First Circuit held:
Considering this situation in terms of duty-risk analysis, we conclude the City had a duty to protect motorists from the dangers inherent in a non-operative traffic signal. They breached this duty by failing to immediately send out a patrolman to manually control the intersection. The accident which occurred, an intersectional collision, is precisely the type risk which is easily associated with the City's duty to control the intersection. Therefore, we agree with the trial court the City is liable in this case.
449 So.2d at 1073. The court then found and held that Mrs. Pope's negligence, whether it is termed "contributory negligence" or "victim fault", barred her recovery from the City. Similarly, in Duvernay v. State of Louisiana, through the Department of Public Safety, 433 So.2d 254 (La.App. 1st Cir.1983), the court found that once the sheriff's office knew of the malfunctioning traffic light, a patrolman should have been dispatched to secure the intersection by directing traffic. As to DOTD's liability under LSA-C.C. Art. 2317, as owner and custodian of the traffic signal, the court found that third-party fault exonerated DOTD of liability.
Citing these cases, appellant maintains that the City of New Orleans' breach of duty, i.e., the failure of Officer Defillo to remain at the scene and control the intersection, was a cause-in-fact of the accident. That the City may have had a duty, and may have breached that duty, does not make the breach automatically a cause of the accident. If the cause of the accident is one hundred per cent the fault of third parties, then the City is exonerated from liability. A duty-risk analysis should not be short-circuited to find cause as a necessary conclusion of a finding of a duty and a breach. Whether a defendant's actions caused an injury is an independent inquiry from whether the defendant owed plaintiff a duty and whether that duty was breached. If the actions of defendant did not cause the injury, then it becomes immaterial whether there was a duty or a breach. Lack of causation, particularly a finding of one hundred per cent third-party causation, defeats liability under either LSA-C.C. Art. 2315 or LSA-C.C. Art. 2317.
In Norris v. The City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983), and Orazio v. Durel, 407 So.2d 75 (La.App. 4th Cir.1981), a motorist's negligence in entering an intersection when he knew the traffic light was malfunctioning was the cause of the accident, exonerating the City from liability under LSA-C.C. Art. 2315 or LSA-C.C. Art. 2317. In this case, the trial court found the negligence of the two drivers to be one hundred per cent of the cause of the accident. While third-party fault should be applied on a comparative fault basis, when the third-party fault is found to be one hundred per cent of the cause of the injury, defendant necessarily bears no fault.
After reviewing the record, we agree with the trial court's assessment of causation. The negligence of the two drivers combined to establish one hundred per cent of the cause of the accident. The City, therefore, bears no liability.
AFFIRMED.