729 So.2d 654 (1999)
Fred and Viola HOWARD
v.
Kirk DEROKEY, The State Farm Insurance Company and the City of New Orleans
No. 98-CA-0893.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1999.
*655 Darlene M. Jacobs, Paul D. Hesse, Al Sarrat, Law Offices of Darleen M. Jacobs, New Orleans, Louisiana, for plaintiffs/appellees.
Rhea H. Woods, Assistant City Attorney. Orleans Parish, Marie A. Bookman, Deputy City Attorney, Orleans Parish, Nolan P. Lambert, Chief Deputy City Attorney, Orleans Parish, Avis Marie Russell, City Attorney, Orleans Parish, New Orleans, Louisiana, James S. Thompson, New Orleans, Louisiana, for defendant/appellant.
McKAY, Judge.
The City of New Orleans appeals a judgment in favor of the plaintiffs Fred and Viola Howard for injuries sustained in an automobile accident on Louisa Street and Chef Menteur Highway.
On September 11, 1994, at approximately 3:45 p.m. Fred Howard was driving southbound toward the river on Louisa Street in a 1991 Oldsmobile Cutless Supreme owned by his mother, Ms. Viola Howard. At the intersection of Chef Menteur Highway and Louisa Street he stopped at the traffic signal which was stuck on red. As he proceeded into the intersection an eastbound vehicle traveling on Chef Menteur Highway driven by Mr. Kirk Derokey struck him. Earlier that afternoon at approximately 12:35 p.m., the city was notified that there was a broken traffic signal at that same intersection. A repair crew arrived at approximately 1:05 p.m. to repair the traffic signal. After the city workers performed the necessary repairs to the traffic signal it again malfunctioned.
On June 22, 1995, the plaintiff filed a lawsuit naming Mr. Derokey and the City of New Orleans as joint tortfeasors. On October 1, 1997, after a bench trial, a judgment was entered against the defendants and in favor of the plaintiffs. The plaintiff was found to be thirty five per cent (35%) comparatively at fault. The defendant Mr. Deroskey and his insurer were cast five per cent (5%) fault. The City Of New Orleans was cast sixty per cent (60%) at fault. In his reasons for Judgment, the trial court noted that there was notice of defect and negligence in the City of New Orleans' attempt to repair the broken traffic signal. The trial Judge stated in his reasons for judgment that "It was repaired at 1:50 p.m. It was stuck again by 3:45. The repair was obviously ineffective. The City had notice of the problem and was negligent in attempting to remedy it".
The medical specials were two thousand one hundred and fifty eight dollars and one cent ($2,158.01) and the general damage award was seven thousand five hundred dollars ($7,500.00). The City of New Orleans' ultimate liability was five thousand seven hundred ninety four dollars and eighty cents ($5,790.80).
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), p. 4, 666 So.2d 612, 614; Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 745; Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). "It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact *656 in the absence of "manifest error" or unless it is "clearly wrong", and where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review even though the appellate court may feel that its own evaluations and inferences are reasonable..." Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).
The appellant claims that the trial court erred manifestly in apportioning any percentage of fault to the City of New Orleans. We disagree. It is clearly within the discretion of the trial court when making determinations on allocation of fault. The trier of fact is owed some deference in allocation fault, for the finding of percentages of fault pursuant to, La.Civ.C art. 2323. There is an analogy between excessive or inadequate quantum determinations and excessive or inadequate fault percentage determinations. In both, the trier of fact, unlike the appellate court, has had the benefit of witnessing the entire trial and of reviewing first hand all the evidence. Clement v. Frey, 95-1119, 95-1163 (La.1/16/96), pp. 7-8, 666 So.2d 607, 610-611.
The appellant also complains that the trial court abused its discretion in awarding $7,500.00 in general damage award to the plaintiff. The appellate court must make an inquiry of whether the award for particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of discretion of the trier of fact. Youn v. Maritime Overseas Corp. et al, 623 So.2d 1257, 1260 (La.1993). This court has previously held that "review of a damage award requires a showing that the trier of fact clearly abused the discretion in awarding and, in effect, the award must be so high or low in proportion to the injury that it shocks the conscience." Quirk v. Board of Supervisors of Louisiana State University, 629 So.2d 1345, 1347 (La.App. 4th Cir.1993). In the instant matter the plaintiff sustained soft tissue injuries and received six months of treatment with a physician. The court awarded the plaintiff $7,500.00 which is not inconsistent with other cases before this court and consistent with Louisiana jurisprudence. Jeanpierre v. John Mikaelian, 97-1850 (La.4th Cir.1998), 709 So.2d 915 writ denied, 98-1162 (La.6/5/98), 720 So.2d 689. According, in the light of the above referenced cases the trial court did not abuse its discretion in his award of general damages.
The standard negligence analysis we employ whether to impose liability under La. Civ.C. art. 2315 is a duty/risk analysis. In Roberts v. Benoit, 605 So.2d 1032 (La.1991): To prevail on a negligence claim under L.C.C. art. 2315 and 2316 a plaintiff must prove five separate elements:
(1) the defendant had a duty to conform his conduct to a specific standard (the duty element);
(2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);
(3) the defendant's substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element);
(4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of legal protection element); and
(5) actual damages (the damages element).
The City of New Orleans clearly owes a duty to the general public to maintain traffic signals. The very purpose of traffic signals is to insure standard traffic rules and prevent accidents from occurring. The traffic signals are clearly within the care and custody of the City for they are responsible for their maintenance. In the instant case Mr. Howard and Mr. Derokey were relying upon the proper functioning of the traffic signal, at the intersection of Louisa Avenue and Chef Menteur Highway, one of the most traveled intersections in our city. The City failed to conform their conduct to the appropriate standard of care by improperly maintaining the traffic signal. Because of this failure Mr. Howard was forced to cautiously enter the intersection with on-coming traffic at great risk to himself and others. This substandard conduct of the City was a breach of a duty owed to the public and a substantial factor in bringing about the harm to the plaintiffs. It was a cause-in-fact of the harm that occurred and the damages that resulted. Therefore, the City's substandard *657 conduct was a legal cause of the damages sustained by the plaintiffs. It is clear that the trial court in applying a duty/risk analysis properly found the defendant the City of New Orleans liable for their negligence.
In circumstances similar to the instant case this Court approved a duty/risk analysis in the determination of whether a public entity may be held liable for injuries caused by things within their care and custody. Whigham v. Boyd, 97-0693 (La.App. 4th Cir. 10/1/97), 700 So.2d 1163, 1165. Under the provisions of LSA. R.S. 9:2800, which addresses limitations of liability for public bodies, public entities in the State of Louisiana may not be held liable for injuries caused by things within their care and custody under either a negligence or a strict liability theory unless the injured party proves three things:
(1) that the entity had actual or constructive notice of the dangerous conditions prior to the occurrence,
(2) that the entity had a reasonable opportunity to remedy the defect, and
(3) that the entity failed to remedy the defect.
Id. at 1165.
In Briggs v. Hartford Ins. Co., 532 So.2d 1154, 1156 (La.1988), the Louisiana Supreme Court stated, "it is well settled that a governmental authority that undertakes to control traffic at an intersection must exercise a high degree of care for safety of the motoring public."
The record reflects that the City received notice of a malfunctioning light at 12:35 p.m. on the date of the accident. This intersection had a history of frequent problems in the malfunctioning of the traffic signals. There were no less than nine service calls made to that intersection between September 6, 1994 and the date of the accident September 11, 1994. There was a service call made to that intersection which was completed by 1:50 p.m. By 3:45 p.m., the time of the accident, the traffic signal light was again in need of repair. Consistent with the record it is clear that the repairs earlier in the day were ineffective. The continuous state of disrepair to the traffic signals at the intersection of Louisa Street and Chef Menteur Highway serve as constructive notice to the City that the consistent defect at this intersection posed a hazard and the City failed to remedy it. The City by it's own negligence created the dangerous scenario.
We find no abuse of discretion in the trial court's allocation of 60% fault to the appellants. The trial judge's reasons for judgment considered all of the relevant factors needed to derive his conclusions. Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
ARMSTRONG, J., Concurs in the Result.
LANDRIEU, J., Dissents with Reasons.
LANDRIEU, Judge, dissenting.
I respectfully dissent as I disagree with the majority's affirming the trial court's allocation of fault.
In Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985), the Supreme Court looked to the Uniform Comparative Fault Act, Section 2(b) and Comment (as revised in 1979) for guidelines in apportioning fault. Section 2(b) provides:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and damages claimed.
In assessing the nature of the conduct of the parties, certain factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson at 974.
In considering these factors, I find that the majority of the fault must rest with the plaintiff, Fred Howard. Plaintiff driving southbound on Louisa Street approached the intersection at Chef Menteur Highway and stopped at the red light. When he realized the traffic light was malfunctioning, as it *658 remained red for the Louisa Street traffic, he proceeded to cross the intersection fully aware that the light facing the approaching Chef Menteur Highway traffic remained green and posed a danger to him. I find no distinction between plaintiffs situation and that of a driver who would attempt to cross Chef Menteur Highway at any intersection controlled only by a stop sign. The driver is obligated to stop, look and proceed across the intersection only when it is clear and safe to do so.
Considering the facts of this case, there is a direct causal relation between plaintiffs injuries and his negligently entering a heavily traveled intersection knowing the approaching Chef Menteur Highway traffic had a green light. On the other hand, the City's failure to repair the malfunctioning light may have contributed to the plaintiffs injuries but it was not as directly related to the accident as was plaintiffs conscious, risk taking action. Had the light been green to both streets a different result would attain.
For these reasons, the least fault that could be apportioned to plaintiff is 70%. Mr. Derokey did not appeal the judgment and therefore 5% is apportioned to him. The remaining 25% of the fault should be apportioned to the City.