LBYRNES, Chief Judge.
Plaintiff-appellant, Raymond Jones, appeals a judgment dismissing his claim for damages against the defendant-appellee, the City of New Orleans. We affirm.
The plaintiff sued for damages suffered as a guest passenger in a pick-up truck driven northbound on Alvar Street by Harry Thompson at the intersection of Alvar Street and Claiborne Avenue. Plaintiff initially filed suit against the City of New Orleans because of a defective traffic signal at the intersection, but subsequently amended to add Howard Sullivan, the driver of the other vehicle and his insurer, Progressive Security Insurance Company, as well as his employer, Christian Community Center Youth Against Drugs Foundation, Inc. Plaintiffs claims against these three defendants added by amendment were compromised and dismissed, which dismissal was memorialized in a Limited Motion of Partial Dismissal.[1]
Plaintiff proceeded to a trial on the merits against the City of New Orleans as a result of which his claims were dismissed based on a finding by the trial judge that Mr. Sullivan, the driver of the other vehicle was 100% at fault.
LI. PLAINTIFF’S SOLE FORMAL ASSIGNMENT OF ERROR
The plaintiff appeals stating that:
[T]he sole issue for review[2] presented in this case of an intersectional collision in which a municipality has notice of a defective traffic light but breaches its duty of proper repair, is whether it is manifestly erroneous to assign no percentage of negligence to the municipality simply because of a finding that a defendant motorist should have yielded under the circumstances[3].
In other words, the only issue briefed by the plaintiff was his complaint that the trial court erred in its allocation of fault by *623 assigning no fault to the City in connection with the malfunctioning semaphore for which it was responsible.
Plaintiffs host driver, Mr. Thompson, testified that he had the green light when he entered the intersection. An independent witness, Ms. Carmen A. Hillard, who was following the vehicle in which the plaintiff was riding as a passenger, confirmed the fact that the light was green for Mr. Thompson’s vehicle. Neither party to this appeal challenges that testimony.
Mr. Sullivan, the driver of the other vehicle testified that none of the lights directing his travel on Claiborne Avenue crossing Alvar Street were illuminated on the day of the accident. Neither party challenges this assertion.
The trial court noted in its written reasons that for some two months prior to this accident there had been numerous problems with the traffic signal at this intersection, but that each time such a problem was reported that it was promptly fixed. However, the frequency and ongoing nature of the problems would permit a reasonable fact finder to conclude that the City’s efforts to fix the signal failed to get at the root cause of the problem and the City’s failure in this regard amounted 13to negligence, much like prescribing aspirin for a brain tumor. In an analogous situation this Court in Howard v. Derokey, 98-0893 (La.App. 4 Cir. 02/10/99), 729 So.2d 654, sustained the trial court’s finding that the City failed to properly effect repairs based on repair records showing that the traffic light had to be fixed a second time shortly after being fixed the first time. Similarly, in the instant case the trial court in its written reasons for judgment found that:
[Plaintiffs] have demonstrated by a preponderance of the evidence that the City owed them a duty to keep the traffic lights in proper repair, that the City breached this duty, that the City had notice of the dangerous condition, that the city had an opportunity to remedy the defect and that the City failed to remedy this defect....
The court finds that having to replace the same relay on two consecutive days indicates that there was a problem with the work purportedly done the day before the accident. Furthermore, the court finds that this demonstrates that the City had notice of the defect and breached its duty by failing to properly repair the traffic signal light.
The City initiates its argument by a strenuous assertion of the manifest error standard of review supporting the trial court’s factual findings, citing the usual suspects: Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, 617 So.2d 880 (La.1993); Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins.Co., 558 So.2d 1106 (La.1990); and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Based on the manifest error standard of review, the City contends that this Court should not overturn the trial court’s finding that in spite of the fact that Mr. Sullivan knew that the traffic signal was broken he sped into the intersection. The trial court noted in its written reasons that Mr. Sullivan testified that he yielded at the intersection, but that this testimony was contradicted by that of the independent witness, Ms. Hillard. This is a stereotypical credibility call made by the trial court, 14where the trial court has the opportunity to observe the demeanor of the witnesses and we do not. The plaintiff does not contend that there are inconsistencies in the testimony of the independent witness and makes no showing that her testimony is contradicted by documentary evidence or that it is implausible on its face, i.e., the plaintiff makes no showing and we find nothing in the record that would suggest *624 to this Court that the trial court was not entitled to believe her testimony. Stobart v. State, supra, 617 So.2d at 882. Therefore, we find no manifest error in the credibility call made by the trial court in favor of the testimony of the independent witness regarding the issue of whether Mr. Sullivan failed to yield and sped into the intersection knowing that the traffic signal was not functioning.
If there is any inconsistency, it is in the City’s insistence at the outset of its brief that this Court apply the deference due the trial court’s findings mandated by the manifest error standard of review, but then closing the argument in its brief with the assertion that we should overturn the trial court’s finding that the City was negligent in repairing the traffic signal — although that contention is not strenuously made and appears to be perfunctory in nature. The City argued that it had fixed the light on every occasion. In its thorough and extensive written reasons for judgment the trial court painstakingly reviewed the litany of traffic light repair problems at this intersection. The City does not dispute those findings. The City only disputes the inference drawn from those findings by the trial court as discussed earlier in this opinion, i.e., the City disagrees with the trial court conclusion that the City breached its duty to properly repair the traffic signal. We cannot say that no reasonable fact finder could draw such a conclusion from the record. The fact that this Court or another reasonable fact finder could look at the same record and conclude that the City’s repair efforts were entirely reasonable under the circumstances, is not a sufficient basis under the manifest error standard of review to justify the rejection by this Court of the reasonable finding of the trial court on the question of the repair of the traffic signal:
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Howevei", where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in á finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)). This court has recognized that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, *625 where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
Stobart, supra, at 882-883.
Ut would be wrong to accede to the City’s demand that we apply the manifest error standard of review to Mr. Sullivan’s actions behind the wheel, but ignore that same standard when reviewing the conduct of the City. Finally, we note regarding this issue that the plaintiff does not deny Mr. Sullivan’s fault and liability. Plaintiff merely denies that Mr. Sullivan was 100% at fault in the accident, contending that the City should share some of the blame.
The trial court relied on Hayes v. City of New Orleans, 527 So.2d 1002 (La.App. 4 Cir.1988) and Rosemond v. Diggs, 468 So.2d 652 (La.App. 4 Cir.1985), in support of its decision to let the City off the hook and assign all fault to Mr. Sullivan. In Rosemond this Court held that a motorist who approaches an intersection with an inoperative traffic light has a duty to proceed with extreme caution. To enter such an intersection without slowing down or stopping to ascertain whether crossing can be negotiated in safety constitutes negligence. Id.
However, as there is no real dispute on this appeal concerning Mr. Sullivan’s negligence, the trial court’s reliance on Rosemond in support of its findings concerning Mr. Sullivan’s negligence is not nearly as important to our deliberations as is our analysis of the question of the City’s comparative negligence when viewed through the eyes of this Court in Hayes, supra:
That the City may have a duty, and may have breached that duty, does not make the breach automatically a cause of the accident. If the cause of the accident is one hundred per cent the fault of third parties, then the City is exonerated from liability. A duty-risk analysis should not be short-circuited to find cause as a necessary conclusion of a finding of a duty and a breach. Whether a defendant’s actions caused an injury is an independent inquiry from whether the defendant owed plaintiff a duty and whether that duty was |7breached. If the actions of defendant did not cause the injury, then it becomes immaterial whether there was a duty or a breach. Lack of causation, particularly a finding of one hundred per cent third-party causation, defeats liability under either LSA-C.C. Art. 2315 or LSA-C.C. Art. 2317.
In Norris v. The City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983), and Orazio v. Durel, 407 So.2d 75 (La.App. 4th Cir.1981), a motorist’s negligence in entering an intersection when he knew the traffic light was malfunctioning was the cause of the accident, exonerating the City from liability under LSA-C.C. Art. 2315 or LSA-C.C. Art. 2317. In this case, the trial court found the negligence of the two drivers to be one hundred per cent of the cause of the accident. While third-party fault should be applied on a comparative fault basis, when the third-party fault is found to be one hundred per cent of the cause of the injury, defendant necessarily bears no fault.
After reviewing the record, we agree with the trial court’s assessment of causation. The negligence of the two drivers combined to establish one hundred per cent of the cause of the accident. The City, therefore, bears no liability.
Hayes, supra, 527 So.2d at 1004.
We find that the reasoning in Hayes is still good law and supports the decision of the trial court to assign all fault to Mr. Sullivan regardless of the negligence of the City.
In support of its contention that some fault should be allocated to the City, the *626 plaintiff cites, and the trial court notes in its reasons for judgment, the case of Howard v. Derokey, 98-0893 (La.App. 4 Cir. 02/10/99), 729 So.2d 654, 656. Although fault was allocated to the City in Howard, that allocation was sustained by this Court, citing Clement v. Frey, 95-1119, p. 7-8 (La.1/16/96), 666 So.2d 607, 610-611, based on the manifest error standard of review and the broad discretion of the trial court in the allocation of fault which this Court analogized to quantum ^determinations. In other words, in Howard this court did not find that as a matter of law where the City is negligent in failing to properly and timely repair a traffic signal that some percentage of fault must automatically be assigned to the City, and we may safely assume that had the trial court made a different allocation of fault in Howard based on its broad discretion in such matters, such a different finding would have likewise been sustained by this Court. In Howard the plaintiff driver was assigned 35% fault for what this Court described as being “forced to cautiously enter the intersection with on-coming traffic” after coming to a full stop. In the instant case, Mr. Sullivan was found to have speeded into the intersection without stopping, an act sufficiently more egregious in comparison with the driving activity of the plaintiff in Howard to justify the trial court in the exercise of its broad discretion concerning the allocation of comparative fault to allocate all fault to Mr. Sullivan. This does not mean that the trial court could not have made an equally reasonable finding allocating some fault to the City, for an allocation of fault to the City would be sustainable under theories of cause-in-fact, legal cause and ease of association depending on how the trial court viewed the actions of Mr. Sullivan relative to those of the City. However, in the instant case the negligence of Mr. Sullivan was sufficiently egregious so as to allow this Court to find that an allocation of 100% fault to him to be within the broad discretion of the fact finder.
The plaintiff also cites this Court’s opinion in Bourgeois v. State, Through the Department of Highways, 255 So.2d 861 (La.App. 4 Cir.1971). In that case this Court amended the trial court’s judgment exonerating the Department of Highways for any fault in failing to timely fix a malfunctioning traffic signal, holding that the malfunctioning light contributed to the accident. First, we note that there is no indication in Bourgeois that the plaintiff driver in that case sped 13into the intersection as Mr. Sullivan did in this case. In that case the light was green for the plaintiff driver, but the trial court found that she should have suspected that it was malfunctioning because she knew that it had been malfunctioning only three hours earlier and she should not have relied on the assumption that it had been repaired in the meantime. This is very different from the situation Mr. Sullivan faced when he arrived at the intersection and noted that the light was not lit, i.e., Mr. Sullivan knew absolutely that the light was not working but chose to speed through the intersection regardless. Mr. Sullivan had no reason to believe that the light had been repaired. He could see that it was out. Additionally, we note that Bourgeois was decided over thirty years ago, in the era of contributory negligence prior to the time this state adopted the concept of comparative negligence and, per force, prior to the time the standards of review for comparative negligence were first contemplated. We conclude that there is nothing in Bourgeois that would cast doubt on our decision to sustain the exoneration of the City in Hayes and in the instant case.
II. DAMAGES
While we are aware that our decision above to sustain the trial court’s holding that no fault should be allocated to the *627 City should obviate the necessity to delve into the question of the plaintiffs damages, we will touch on the subject briefly in order to explain for the benefit of a reviewing court how the Uniform Rules— Courts of Appeal, Rule 2-12.4 bears on this issue. Rule 2-12.4 provides in pertinent part that:
All specifications or assignments of error must be briefed. The court may consider as abandoned any | ^specification or assignment of error which has not been briefed.
The only error assigned as such by the plaintiff is “whether it is manifestly erroneous to assign no percentage of negligence to the municipality simply because of a finding that a defendant motorist should have yielded under the circumstances.” The plaintiff does not formally designate any other error. However, in the concluding paragraph of his brief, the plaintiff states that:
THEREFORE[4], the Judgment of the Civil District Court for the Parish of Orleans should be reversed insofar as it does not apportion any liability to the City of New Orleans, and, since all relevant factual information is already in the record, this Court should render Judgment in favor of Raymond Jones and against the City in an amount representing the City’s portion of fault and liability[5], together with all costs of these proceedings and those below, with legal interest from the date of judicial demand until paid.
Although this concluding paragraph in the plaintiffs brief is not formally designated as an assignment of error, in view of the consistent line of cases favoring appeals and La. C.C.P. art. 2129, stating that no formal assignments of error are required, we find the above statement adequate to raise the issue of damages.
However, it is not sufficient for the plaintiff to merely raise the issue of damages in order to establish his right to a certain amount of damages. The burden is on the plaintiff to prove the extent of his damages. Just as proof of negligence is not adequate to prove fault where the plaintiff fails to establish a causal connection between the negligence and his damages, the plaintiff also bears the burden of proving the amount of those damages. While we have allowed a liberal reading of the plaintiffs brief to permit us to conclude that the plaintiff succeeded in raising the issue of damages, even the most generous reading of the plaintiffs brief permits no other conclusion than that the plaintiff failed to address the issue. Pursuant to Rule 2-12.4, it is incumbent upon the plaintiff to suggest to this Court what damages he claims and where in the record this court might seek evidentiary support for those claims. As the plaintiff has completely failed to do so, we deem his claim for damages to have been abandoned.
However, as we indicated earlier, this entire discussion of damages is probably just academic, as the question of damages only becomes an issue should the Supreme Court reverse this Court and the trial court on the issue of allocation of fault.

DECREE

For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.

MURRAY, J., CONCURS.

.This motion listed one Darrell Bell as a defendant although he was never a named defendant in the suit.

. Emphasis added.

. Emphasis original.

. Emphasis original.

. Emphasis added.